**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| ARCH INSURANCE COMPANY and AT-BAY SPECIALTY INSURANCE COMPANY a/s/o Blue Logistics Topco LLC and G AND B PACKING COMPANY INC. | :  CIVIL ACTION NO. |
| | : |
| | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Bank of America, N.A. and Bank of America Corporation | : |
| Defendant. | : |

**COMPLAINT**

Plaintiffs, Arch Insurance Company ("ARCH") and At-Bay Specialty Insurance Company ("AT-BAY") a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc, by and through their attorneys, Butler Weihmuller Katz Craig LLP, by way of Complaint against Defendants, Bank of America N.A. and Bank of America Corporation, avers as follows:

**PARTIES**

1.     ARCH is an insurance company that was formed under the laws of the State of Missouri and has its principal place of business in Jersey City, New Jersey.

2.     AT-BAY is an insurance company that was formed under the laws of the State of Delaware and has its principal place of business in Wilmington, Delaware.

3.     G and B Packing Company Inc is a for profit company formed under the laws of the State of New Jersey and has its headquarters in Jersey City, New Jersey.

4.     Blue Logistics Topco LLC has its principal place of business in Madison, New Jersey, and was formed under the laws on Delaware.

5.      G and B Packing Company Inc is a subsidiary of Blue Logistics Topco LLC.

6.      At all relevant times hereto, ARCH duly provided insurance coverage to Blue Logistics Topco LLC and G and B Packing Company Inc (collectively, the "Insured") covering it against fraud under policy number PCD1006547-01 (the "ARCH Policy"), a copy of the policy is incorporated herein by reference.

7.      Pursuant to the terms of the ARCH Policy, and applicable law, ARCH is subrogated to its insured's rights and claims against third parties responsible for a covered loss.

8.      At all relevant times hereto, AT-BAY duly provided insurance coverage to Blue Logistics Topco LLC and G and B Packing Company Inc (collectively, the "Insured") covering it against fraud under policy number AB-6667063-01 (the "AT-BAY Policy"), a copy of the policy is incorporated herein by reference.

9.      Together the ARCH Policy and the AT-BAY Policy are jointly referred to as the "Policies."

10.     Pursuant to the terms of the AT-BAY Policy, and applicable law, AT-BAY is subrogated to its insured's rights and claims against third parties responsible for a covered loss.

11.     Defendants Bank of America, N.A. and Bank of America Corporation ("Defendants") are, upon information and belief, a national banking association incorporated under the laws of the State of Delaware, with their principal place of business located in the City of Charlotte, County of Mecklenburg, State of North Carolina.

12.     At all times relevant hereto, the Insured had bank account(s) with the Defendants.

13.     At all times relevant hereto, the Defendants were conducting business in the state of New Jersey.

14.     At all times relevant hereto, the Insured regularly conducted business with the Defendants at their location located at 937 Broadway, Bayonne, NJ 07002.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because it is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between residents of different states.

16.     Personal jurisdiction is proper in this Court because Defendants regularly conduct business in New Jersey, including maintaining banking relationships with customers located in New Jersey, such as Plaintiffs' Insured.  Defendants' actions and omissions giving rise to this action, including the processing of the disputed wire and ACH transactions, were directed at bank accounts held by a New Jersey-based entity and involved communications with individuals located in New Jersey.

17.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in New Jersey, where Plaintiffs' Insured is located and where the relevant bank accounts were maintained.   Additionally, Defendants maintain a presence in New Jersey through their branch locations and business operations.

18.     Venue is also proper in the District Court of New Jersey, pursuant to 15

U.S. Code § 1693m(g) because the parties regularly conducted banking activities in Hudson County, New Jersey.

19.    Jurisdiction is proper in this court pursuant to 15 U.S. Code § 1693m(g) because Plaintiffs seek recovery under 15 U.S. Code § 1693 and the matter is being brought within one year from the date of the occurrence of the violation.

## FACTS

20.    On or about July 1, 2025, Paul Mees, the accounting manager for G and B Packing Company Inc, a subsidiary of Blue Logistics Topco, LLC, received a telephone call from an individual identifying himself as Brian Smith, who claimed to be from Defendants and stated he was attempting to initiate a wire transfer on behalf of Paul Good, the former owner of G and B Packing Company Inc and current Vice President of Blue Logistics Topco LLC.

21.    During the phone call on July 1, 2025, Paul Mees informed the caller that Paul Good was not attempting a wire transfer, Mr. Mees was told that the transfer will be reported as fraud, and the call ended.

22.    On or about July 2, 2025, multiple fraud alerts were triggered on the Insured's bank accounts.

23.    Each alert was immediately responded to by employees of Insured, marking the transaction as fraudulent via Defendants' GPO Alert Management System.

24.    On or about July 2, 2025, multiple fraudulent wire transfers were posted to the Insured's bank accounts despite the fact that they had been marked as fraudulent by the Insured.

25.    On or about July 2, 2025, several Automated Clearing House ("ACH")

batches were initiated from the Insured's bank accounts, again despite the fact that they had been marked fraudulent by the Insured's employees through the Defendant's GPO Alert Management System.

26. On or about July 2, 2025, the Insured contacted Defendants and their fraud department by phone, referencing the prior day's fraud warnings, alerts, and notice, and inquiring why the transactions had been processed.

27. Despite the communications to the Defendants, over $1,000,000.00 in fraudulent transfers were completed and the money was removed from the Insured's account(s) with Defendant.

28. The total amount of damages claimed resulting from the unauthorized transactions is $1,036,424.06.

29. The Insured provided notice to Defendants regarding the fraudulent activity through emails and the Defendant's GPO Alert Management System.

30. Following the fraudulent transfers, the Insured submitted an insurance claim to ARCH.

31. ARCH made insurance coverage payments, totaling $938,237.59, to or on behalf of the Insured, pursuant to the terms and conditions of the ARCH Policy and is subrogated to their rights and claims arising from the fraudulent transfers.

32. AT-BAY made insurance payments, totaling $98,186.47 to or on behalf of the Insured, pursuant to the terms and conditions of the AT-BAY Policy and is subrogated to their rights and claims arising from the fraudulent transfers.

## **CAUSES OF ACTION**

*COUNT ONE (Violation of 15 U.S.C.A. § 1693g(a) – Consumer Liability)*

33.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

34.     Each Defendant is a financial institution subject to the requirements of 15 U.S.C.A. § 1693g(a).   The Insured's bank account was subject to unauthorized electronic fund transfers resulting in losses, and Defendants failed to prevent or limit the Insured's liability, as required by statute.

35.     The Insured provided warnings, alerts, and notice of the unauthorized transfers to each Defendant in a manner sufficient to satisfy or substantially comply with the statutory requirements, and each Defendant failed to prevent or limit further unauthorized transfers.

36.     As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

37.     As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payments to the Insured, in accordance with the Policies that are incorporated herein by reference.

38.     In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damages pursuant to the Policies.

### COUNT TWO (Violation of 15 U.S.C.A. § 1693f(a) – Error Resolution)

39.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

40.     The Insured notified and warned each Defendant of an error involving

unauthorized electronic fund transfers, as required by 15 U.S.C.A. § 1693f(a).

41.    Each Defendant failed to investigate and resolve the reported error in accordance with the procedures and timeframes set forth in the statute.

42.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

43.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

44.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

## COUNT THREE (Violation of 15 U.S.C.A. § 1693f(e) – Error Resolution Procedures)

45.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

46.    Each Defendant was required to comply with the error resolution procedures of 15 U.S.C.A. § 1693f(e) upon receiving notice of unauthorized transfers from the Insured.

47.    Each Defendant failed to comply with these statutory procedures, including failing to provisionally recredit the Insured's bank account and failing to conduct a reasonable investigation, thus violating 15 U.S.C.A. § 1693f(e).

48.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

49.     As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

50.     In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT FOUR (Violation of 15 U.S.C.A. § 1693h(a)(1) – Liability of Financial Institutions)

51.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

52.     Each Defendant is a financial institution as defined by 15 U.S.C.A. § 1693h(a)(1) and was required to recredit the Insured's bank account for unauthorized electronic fund transfers.

53.     Each Defendant violated 15 U.S.C.A. § 1693h(a)(1) by its failure to recredit the Insured's bank account as required by law and is liable under the statute to the Insured, resulting in loss to Plaintiff.

54.     As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

55.     As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

56.     In accordance with common law principles of equitable and/or legal

subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

*COUNT FIVE (Violation of 15 U.S.C.A. § 1693m(a)(1) – Civil Liability)*

57.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

58.    Each Defendant's violations of the Electronic Fund Transfer Act, including but not limited to 15 U.S.C.A. §§ 1693f and 1693h, entitle Plaintiffs to recover actual damages, statutory damages, and attorneys' fees under 15 U.S.C.A. § 1693m(a)(1).

59.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

60.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

61.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

*COUNT SIX (Violation of 15 U.S.C.A. § 1693m(a)(3) – Civil Liability)*

62.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

63.    Each Defendant's violations of the Electronic Fund Transfer Act were not

9

in good faith and involved willful disregard of the law, entitling Plaintiff to additional relief under 15 U.S.C.A. § 1693m(a)(3).

64.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

65.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

66.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT SEVEN (Violation of N.J.S.A. 12A:4A-202(1) – Authorized and Verified Payment Orders)

67.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

68.    Each Defendant accepted payment orders for wire and ACH transfers from the Insured's bank account that were not authorized by the Insured, in violation of N.J.S.A. 12A:4A-202(1).

69.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

70.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

71. In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT EIGHT (Violation of N.J.S.A. 12A:4A-202(2)(ii) – Authorized and Verified Payment Orders)

72. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

73. Each Defendant failed to follow commercially reasonable security procedures and did not act in good faith in accepting the unauthorized payment orders, as required by N.J.S.A. 12A:4A-202(2)(ii).

74. As a result of each Defendant's actions and omissions in violation of N.J.S.A. 12A:4A-202(2)(ii), the Insured suffered damages in an amount of $1,036,424.06.

75. As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

76. In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT NINE (Violation of N.J.S.A. 12A:4A-204(1) – Refund of Payment and Duty of Customer to Report)

77.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

78.     The Insured provided timely notice to each Defendant of the unauthorized payment orders, and each Defendant failed to refund the amounts as required by N.J.S.A. 12A:4A-204(1).

79.     As a result of each Defendant's actions and omissions in violation of N.J.S.A. 12A:4A-204(1), the Insured suffered damages in an amount of $1,036,424.06.

80.     As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

81.     In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT TEN (Breach of Implied Covenant of Good Faith and Fair Dealing)

82.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

83.     Each Defendant owed the Insured a duty of good faith and fair dealing in connection with the operation of the Insured's bank accounts and the processing of electronic fund transfers.

84.     Each Defendant breached this duty by failing to act in good faith in

12

responding to the Insured's warnings, alerts, and notice of fraud and in processing the unauthorized transfers.

85.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

86.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

87.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

## COUNT ELEVEN (Negligence)

88.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

89.    Each Defendant owed the Insured a duty to exercise reasonable care in safeguarding the Insured's bank accounts and in responding to fraud warnings, alerts, and notices of unauthorized activity.

90.    Each Defendant breached this duty by failing to prevent unauthorized transfers after receiving warnings, alerts, and notice of potential fraud.

91.    It was foreseeable to each Defendant, or reasonably should have been foreseeable to each Defendant, that if it failed to exercise reasonable care in safeguarding the Insured's bank accounts and in responding to fraud warnings, alerts, and notices of unauthorized activity, and that the Insured could sustain damages, as it

13

did on or about July 1, 2025.

92.     As a direct and proximate result of each Defendant's breaches of the duties owed to the Insured, the Insured sustained damages when the unauthorized wire transfers and ACH transfers were completed.

93.     As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

94.     As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

95.     In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT TWELVE (Breach of Contract – Implied Contract)

96.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

97.     An implied contract existed between the Insured and each Defendant regarding the handling of the Insured's bank accounts and the processing of electronic fund transfers.

98.     Each Defendant breached the implied contract by failing to prevent or reverse unauthorized transfers after receiving warnings, alerts, and notice from the Insured.

99.     As a result of each Defendant's actions and omissions, the Insured

suffered damages in an amount of $1,036,424.06.

100.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

101.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

### COUNT THIRTEEN (Breach of Fiduciary Duty)

102.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32, as if fully set forth herein.

103.    Each Defendant owed the Insured a fiduciary duty to act in the Insured's best interests in managing the Insured's bank accounts and responding to fraud warnings, alerts, and notices.

104.    Each Defendant breached this duty by failing to act promptly and appropriately upon receiving warnings, alerts, and notice of unauthorized activity.

105.    As a result of each Defendant's actions and omissions, the Insured suffered damages in an amount of $1,036,424.06.

106.    As a result of the damages caused by each Defendant, ARCH and AT-BAY were obligated to, and did in fact issue payment to the Insured, in accordance with the Policies that are incorporated herein by reference.

107.    In accordance with common law principles of equitable and/or legal subrogation, as well as the terms of the Policies, ARCH and AT-BAY are subrogated to

15

the rights of the Insured to the extent of the payments made, or to be made, by ARCH or AT-BAY in compensation for the aforementioned damage pursuant to the Policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Arch Insurance Company and At-Bay Specialty Insurance Company a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc respectfully requests that this Court:

a. Declare that Defendants Bank of America, N.A. and Bank of America Corporation violated 15 U.S.C.A. §§ 1693g(a), 1693f(a), 1693f(e), 1693h(a)(1), and 1693m(a), as well as N.J.S.A. 12A:4A-202(1), 12A:4A-202(2)(ii), and 12A:4A-204(1), and breached their duties and obligations under New Jersey common law, including the implied covenant of good faith and fair dealing, negligence, implied contract, and fiduciary duty;

b. Enjoin Defendants Bank of America, N.A. and Bank of America Corporation from further violations of the Electronic Fund Transfer Act and applicable New Jersey statutes and require Defendants to implement and maintain commercially reasonable security procedures for the processing of electronic fund transfers;

c. Direct Defendants Bank of America, N.A. and Bank of America Corporation to recredit and refund to Plaintiffs, Arch Insurance Company and At-Bay Specialty Insurance Company a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc all amounts lost as a result of the unauthorized electronic fund transfers, including but not limited to $1,036,424.06, or such other amount as may be determined at trial;

d. Award Plaintiffs, Arch Insurance Company and At-Bay Specialty Insurance Company a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc actual

16

damages, statutory damages, and such other compensatory damages as are authorized by 15 U.S.C.A. § 1693m(a) and New Jersey law, in an amount to be determined at trial;

e. Award Plaintiffs, Arch Insurance Company and At-Bay Specialty Insurance Company a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc reasonable attorneys' fees and costs of suit, including expert witness fees, as authorized by 15 U.S.C.A. § 1693m(a)(3) and other applicable law;

f. Award Plaintiffs, Arch Insurance Company and At-Bay Specialty Insurance Company a/s/o Blue Logistics Topco LLC and G and B Packing Company Inc pre-judgment and post-judgment interest as permitted by law;

g. Award such other and further relief as the Court deems just and equitable.


BUTLER WEIHMULLER KATZ CRAIG LLP


Dated: July 1, 2026

RICHARD D. GABLE, ESQ.
rgable@butler.legal
1818 Market St., Ste 2740
Philadelphia, PA 19103
T: (267) 507-1410
*Attorneys for Plaintiffs*

17